**In re John A. COCHRANE, Debtor.**

**Tudor Oaks Limited Partnership, Plaintiff,**

v.

**John A. Cochrane, Defendant.**

**Bankruptcy No. 01–1768–9P7.
Adversary No. 01–285.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Sept. 5, 2001.

See also 179 B.R. 628, 124 F.3d 978.

John M. Guard, Tampa, FL, for Plaintiff.

Kurt E. Davis, Tampa, FL, for Defendant.

### ORDER ON MOTION TO DISMISS
### (Doc. No. 4)

ALEXANDER L. PASKAY, Chief Judge.

THIS adversary proceeding filed in the Chapter 7 case of John A. Cochrane (Debtor) was commenced by a complaint filed by Tudor Oaks Limited Partnership (Tudor Oaks Limited). In its Complaint, Tudor Oaks Limited sought a determination that

the debt claimed to be owed by the Debtor to Tudor Oaks Limited is nondischargeable. The immediate matter before this Court is a Motion to Dismiss the adversary proceeding filed by the Debtor. The Motion is based on the contention of the Debtor that Tudor Oaks Limited lacks standing to bring this action; that the complaint should be dismissed for failure to list the real party of interest; and the lack of capacity of Tudor Oaks Limited to prosecute the claim against the Debtor.

This Court has considered the record, including extensive submissions by the parties in support of and in opposition to the Motion, and is satisfied that the Motion is not well taken and should be denied.

In 1987 a lawsuit was filed against the Debtor in the District Court, Fourth Judicial District, State of Minnesota, County of Hennepin (Minnesota State Court). The Plaintiffs were identified as "S.B. McLaughlin & Company, Ltd., Tudor Oaks Condominium Project, an Ontario Limited Partnership; ABIO Holdings Minnesota, Inc., a Minnesota corporation." The Defendants in that lawsuit were identified as "John Cochrane, an individual, and KSCS Properties, Inc., a Minnesota corporation."

Ultimately, the matter was tried by a jury. The jury returned a special verdict on July 7, 1992 in favor of the Plaintiffs. Based on this verdict the Minnesota State Court entered is Findings of Fact Conclusions of Law and found that the Debtor and KSCS Properties, Inc., had breached fiduciary duties to Tudor Oaks Condominium Project, an Ontario limited partnership, as well as to S.B. McLaughlin & Company, Ltd. The Minnesota State Court Judge, Gary Larson, stated in his Conclusions of Law: "That Tudor Oaks Condominium Project, an Ontario Limited Partnership, shall have an recover against John Cochrane in the amount of $1,628,000, together with prejudgment interest at the rate permitted by law from June 11, 1987 to date of entry of judgment, and thereafter at the rate applicable to judgments." (Plaintiff's Complaint, Exhibit A, Page 4).

In due course, the Debtor filed an appeal of the jury verdict, findings of fact and conclusions of law and the order for judgment entered by the Minnesota State Court. On June 22, 1993, the Minnesota State Court of Appeals (Appellate Court) entered an unpublished opinion styled: S.B. McLaughlin & Company, Ltd., et al, v. John Cochrane and KSCS Properties, Inc. In this opinion, the Appellate Court stated that "The claims here are pursued by Tudor Oaks Limited Partnership, ABIO Holdings, Inc., it's general partner; and S.B. McLaughlin & Company, Limited, one of its limited partners." (Plaintiff's Complaint, Exhibit C, Page 2). Thereafter throughout the opinion, the Appellate Court referred to the plaintiff entity as "Tudor Oaks."

The Appellate Court reversed the award to McLaughlin & Company, but affirmed the award to "Tudor Oaks" but modified the amount. They further stated that: "Appellant Cochrane alleges that Tudor Oaks could not sue because an independent committee established by the general partner, ABIO Holdings, Inc., decided the suit was not in its best interests. *See* Minn.Stat. § 302A.243 (1988) (repealed in 1989; current version at Minn.Stat. § 302A.241 (1992)). Whether a suit is properly initiated is an issue among the three Tudor Oaks partners who controlled ABIO. Cochrane, who was not a member of ABIO or Tudor Oaks, may not use the statute as a shield against liability." In Footnote 3, the Appellate Court stated: "The record indicates that the Tudor Oaks claim is now pursued singularly by S.B. McLaughlin. By 1989, he had purchased the interests of all the partners in Tudor Oaks. Appellants have not asserted and we

have not explored issues surrounding McLaughlin's acquisition of benefits of suit by purchasing the interests of his partners. In fact, nothing in this record satisfactorily reflects the persons entitled to benefit from the ultimate judgment in favor of Tudor Oaks." (Plaintiff's Complaint, Exhibit C, Page 5).

On Remand, the Minnesota State Court entered an Amended Order which identified the plaintiffs again as S.B. McLaughlin & Company, Ltd., Tudor Oaks Condominium Project, an Ontario Limited Partnership; ABIO Holdings (Minnesota), Inc., a Minnesota corporation, and identified the defendants as John Cochrane, an individual and KSCS Properties, Inc., a Minnesota corporation. This Amended Order determined the liability of the Debtor to "Tudor Oaks" in the amount of $1,256,666.00. (Plaintiff's Complaint, Exhibit D, Page 1).

On April 11, 1994, the Minnesota State Court entered an Amended Order in favor of Tudor Oaks Condominium Project and added prejudgment interest of $465,359.62 and costs and disbursements of $22,542.70 for a total liability of $1,744,568.22 plus continuing post-judgment interest and costs less any payments received on the judgment. (Plaintiff's Complaint, Exhibit D, Page 1 and 2). Attached to the April 11, 1994, order and also as part of Plaintiff's Complaint, Exhibit D, is a Memorandum which bears the initials of the Minnesota State Court Judge, G.L. In this memorandum, Judge Larson states: "After S.B. McLaughlin became the sole limited partner of Tudor Oaks, a motion was brought to realign the parties. On January 10, 1992, this court granted the motion to amend the complaint and allowed Tudor Oaks to pursue its claims directly."

This Court is satisfied that it is at this point, that there is no longer any doubt that throughout all of the previous and future litigation, that Tudor Oaks Limited Partnership is the proper party in interest in this matter.

In the meantime, on December 21, 1992, the Debtor filed his first Voluntary Petition under Chapter 11 in the Bankruptcy Court for the Middle District of Florida. On a motion to transfer the case, this Court entered an order and transferred the case to the Bankruptcy Court for the District of Minnesota, Case No. 3–93–2056. On February 15, 1994, the case was converted to a Chapter 7 case. On May 20, 1994, Tudor Oaks Limited Partnership filed its adversary proceeding against the Debtor and sought a determination that the liability of the Debtor is nondischargeable based on 11 U.S.C. § 523(a)(4) for defalcation by a fiduciary. On March 29, 1995, the Bankruptcy Court in Minnesota granted a summary judgment in favor of Tudor Oaks Limited and determined that the debt owed by the Debtor to Tudor Oaks Limited is nondischargeable. The decision of the Minnesota court is reported and can be found at 179 B.R. 628 (Bankr. D.Minn.1995).

On February 6, 1996, the United States District Court affirmed the Bankruptcy Court's grant of the summary judgment in an unreported opinion. The Debtor appealed the decision of the District Court to the Eighth Circuit Court of Appeals which affirmed the District Court's affirmance of the Bankruptcy Court's decision reported as *Tudor Oaks Limited Partnership v. Cochrane*, 124 F.3d 978 (8th Cir.1997), *cert. denied* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998).

■ On February 5, 2001, the Debtor his second Voluntary Petition under Chapter 7 of the Bankruptcy Court in the Middle District of Florida, which is the instant case. On May 14, 2001, Tudor Oaks Lim-

ited Partnership filed this complaint seeking a determination by this Court that the judgment entered in Minnesota against the Debtor represents a nondischargeable liability of the Debtor based on Section 523(a)(4). As noted, the motion to dismiss the instant action is based, again on the contention that Tudor Oaks Limited Partnership is not the real party of interest and has no capacity to sue, a contention previously rejected by the Bankruptcy Court in Minnesota.

It appears from the attachments submitted by Tudor Oaks Limited that the previous litigation between the Debtor and Tudor Oaks Limited from Bankruptcy Court to the District Court to the Eighth Circuit Court of Appeals and ultimately attempted to be presented, without success, to the Supreme Court was always in the name of Tudor Oaks Limited Partnership. The order of the District Court affirming the Bankruptcy Court was in the name of Tudor Oaks Limited Partnership. The affirmance by the Eighth Circuit Court of Appeals was again in the name of Tudor Oaks Limited Partnership.

The issue of standing was raised by Debtor in the Bankruptcy Court in Minnesota in which the Court stated in Footnote 17:

As he [Cochrane] has (without success) in earlier proceedings in his main bankruptcy case, the Defendant maintains that the named Plaintiff lacks standing to obtain relief here because it was dissolved by operation of Ontario law before his bankruptcy filing. This argument is a red herring. Regardless of whether the named party-plaintiff is a valid, subsisting legal entity with capacity to sue or be sued, its one remaining partner has a right under Ontario law to wind up its affairs and to continue litigation under its name to do so.

*In re Cochrane,* 179 B.R. 628 (Bankr. D.Minn.1995), at 636.

The Eighth Circuit approved this observation in its ruling on the standing issue in its opinion in *In re Cochrane,* 124 F.3d 978 quoting the District Court at page 982.

This Court is in agreement with the previous rulings on the matter of real party in interest.

Based on the foregoing, this Court is satisfied that the present adversary pending before it was prosecuted by the real party of interest in full compliance with F.R.B.P. 7017(a) which adopts F.R.Civ.P. 17(a). The contention of the Debtor of lack of standing and that suit is not prosecuted by the real party of interest is without merit and should be rejected.

■ The Debtor also challenges the Plaintiff's capacity to sue, alleging that Tudor Oaks was dissolved after the initial litigation. He further contends that Tudor Oaks is not authorized to do business in the State of Florida for lack of registration as a foreign limited partnership. A short answer to the first proposition is that both Florida and Ontario law recognize that any action may be brought in the name of the limited partnership for the purpose of winding up the affairs of the partnership either by general or a limited partner. Ont. Part. Act § 38; Fla. Stat. § 620.159.

While it is without dispute that F.R.B.P. 7017(b), as adopted by F.R.Civ.P. 17(b) provides that the capacity of a corporation to sue or to be sued shall be determined by the law under which it was organized. An important exception to this Rule is:

that a partnership or other unincorporated association, which has no such capacity by the law of such state, may sue or be sued in its common name for the purpose of enforcing for or against it a substantive right existing under the

Constitution of the United States or law of the United States.

The suit pending before this Court is an enforcement of a right granted by Congress to a creditor to obtain a determination of the dischargeability of a particular debt. The jurisdiction to make such a determination is exclusively within the competence of the Bankruptcy Court where the case filed by the Debtor is pending.

For these reasons it is quite evident that while Tudor Oaks Limited Partnership may not have the capacity to pursue a legal action in courts of this State, it certainly has an absolute right to do so in the Federal Bankruptcy Court.

■ This conclusion equally controls the contention that Tudor Oaks Limited Partnership has no capacity under Florida law to bring a suit because it is not certified to do business in the State of Florida. Tudor Oaks Limited Partnership is not transacting any business in Florida and, therefore, it is not required to have a certification or authority prior to bringing this action. Fla. Stat. § 620.179.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Debtor shall file an answer within twenty (20) days from the date of entry of this Order. It is further

ORDERED, ADJUDGED AND DECREED that in the event an answer is filed, the matter shall be promptly scheduled for pretrial conference before the undersigned. It is further

ORDERED, ADJUDGED AND DECREED that in the event an answer is not filed, Tudor Oaks may proceed by default if so deemed to be advised.